# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DELPHIA WEBSTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NISSAN NORTH AMERICA, INC., ) <br> Employer, METROPOLITAN LIFE ) <br> INSURANCE COMPANY, Insurer, ) <br> and METLIFE DISABILITY ) <br> INSURANCE, Third Party ) <br> Administrator, ) <br> ) <br> Defendants. ) | Case No.: _____ |

## COMPLAINT

. COMES NOW Delphia Webster, by and through counsel, D. Russell Thomas, who would state and show as follows:

I.

Plaintiff resides at 1981 Nashville Highway, Lewisburg, TN 37091. She is thus a resident of the Middle District of Tennessee.

II.

Plaintiff is a former employee of Nissan North America, Inc. (herein after referred to as "Nissan") and was employed in Smyrna, Tennessee. This was in Rutherford County and in the Middle District of Tennessee. Nissan is a California corporation duly registered with the Tennessee Secretary of State and has been active in Tennessee since 1980.

III.

While employed by the Defendant, Nissan, Plaintiff was covered by Defendant Nissan's Insurance Company's Long Term Disability Insurance Plan. The Plan was, at all relevant times hereto, underwritten by Metropolitan Life Insurance Company, a MetLife Disability Company and administered by MetLife. Upon information and belief, the underwriter and plan administrator have primary places of business in New York City, New York.

IV.

Plaintiff avers that the Long Term Disability Plan (hereinafter referred to as the "Plan") is an employee benefit and is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (hereinafter ERISA). Plaintiff further avers that the Defendant Plan Administrator and Defendant UTC are both "fiduciaries" of the Plan under ERISA, 29 U.S.C. § 1102 and that he was a Plan Beneficiary at all times relevant times hereto.

V.

Plaintiff was employed with the Defendant, Nissan, for approximately eighteen (18) years prior to series of physical and emotional illnesses and injuries making it impossible for Plaintiff to remain employed. Plaintiff has a history of injuries and illnesses including (but are not limited to) difficulty moving her neck, pain in neck radiating into bilateral shoulders and arms, chronic headaches, cervical radiculopathy, pain in left rotator cuff, calcific tendonitis of the lateral epicondyle of the elbow, calcification over then coracoacrominal ligament anteriorly in the shoulder, foraminal stenosis from a bulging disc at C6-

2

C7, elbow condition requiring a tennis elbow reconstruction surgery and eventually a revision surgery, throbbing and aching pain aggravated by movement, weakness and numbness in the fingertips bilaterally, carpal tunnel symptomology causing her to undergo left ulnar nerve decompression, trouble sleeping due to pain causing chronic fatigue, chronic left cubital tunnel syndrome, brachial neuritis, ALH left ulnar nerve decompression, elbow reconstruction, bilateral carpal tunnel release, hysterectomy, and shoulder arthroscopy.

VI.

During this period of time, Plaintiff was employed as a warehouse worker with the Defendant, Nissan. Plaintiff worked for Defendant Nissan from April 26, 1992 through October 2009. Plaintiff went out of work in December 2009 and had to officially leave in April 2010. Following her final date of actual work for the Defendant, Nissan, Plaintiff timely applied for and was granted long-term disability benefits through the Defendant MetLife through April 8, 2016. Plaintiff was denied further benefits on April 7, 2016. Plaintiff appealed this denial with the assistance of counsel. The appeal was denied and notice sent that she had exhausted all administrative remedies available to her on February 7, 2017. Thus suit is timely filed after the exhaustion of all administrative remedies.

VII.

Plaintiff avers that she is 100% permanently and totally disabled as a result of one or a combination of the aforementioned illnesses and injuries; that she became so while in the employ of Defendant Nissan; and that she became

3

so while covered under the subject long-term disability policy. Plaintiff therefore avers that she is entitled to full benefits under the long term disability plan.

VIII.

Plaintiff avers that the Defendants are guilty of breaches of their fiduciary duties of individual loyalty and prudently administrating the claim owed to her as a beneficiary under the Plan. Plaintiff further avers that she is entitled to maintain an individual action to recover benefits due her under the Plan, to enforce her rights under the Plan, and for an equitable remedy for the Defendants' breach of their fiduciary duties. 29 U.S.C. § 1132(a)(1)(B); (a)(3)(B); see Varity Corp. v Howe, 116 S.Ct. 1065 (1996).

IX.

Plaintiff further avers that her premiums were fully paid and that she was improperly denied long-term disability benefits upon the arbitrary and capricious exercise of discretion by the Plan Administrator. The decision to deny her further benefits is not supported by substantial evidence and should be overturned. The denial of benefits amounts to a breach of contract.

WHEREFORE, premises considered, Plaintiff respectfully requests the following relief:

1) That Defendants pay all the long-term disability benefits owed to him as a beneficiary under the Plan plus interest;

4

2) That Defendants be required to pay Plaintiff's reasonable attorneys' fees and costs in connection with this action pursuant to 29 U.S.C. § 1132(g);

3) That Plaintiff have such other, further, general, and equitable relief as justice shall require.

Respectfully submitted,

D. Russell Thomas, #6014
Attorney for Plaintiff
138 S. Cannon Avenue
Murfreesboro, TN 37129
(615) 848-1818